UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DESEAN HILL,

    Plaintiff,

v.

21-CV-838 (JLS) (HKS)

SGT. DENNIS HESSEL, C.O. TYLER
BORTEL, C.O. HAMMER, in his
individual capacity, C.O. JUSTIN
SCHMIDT,

    Defendants.

## DECISION AND ORDER

Plaintiff Desean seeks relief against several Defendants based on his time in custody at the Collins Correctional Facility. Dkt. 1. After the Court screened Hill's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), Eighth Amendment claims against Defendants Hessel, Bortel, Hammer, and Schmidt remained. See Dkt. 14; Dkt. 19. Those Defendants answered the complaint in September 2023. Dkt. 24.

Defendants moved for summary judgment. Dkt. 40. United States Magistrate Judge H. Kenneth Schroeder, Jr.,[1] issued a briefing schedule, which set Hill's response deadline as October 4, 2024. Dkt. 41. The Clerk's Office mailed the briefing schedule to Hill at his address of record. Hill did not respond.

---

[1] On September 27, 2023, this Court referred the case to Judge Schroeder for all pretrial matters, pursuant to 28 U.S.C. §§ 636(b)(1)(A)–(C). Dkt. 25.

On December 2, 2024, Judge Schroeder issued an order to show cause, which documented Hill's lack of response and failure to update his address, and ordered Hill to show cause, by December 20, 2024, why his case "should not be dismissed, in its entirety, for failure to prosecute." Dkt. 42. The Clerk's Office mailed a copy of this order to Hill at his address of record. Again, Hill did not respond.

On January 27, 2025, Judge Schroeder issued a Report and Recommendation ("R&R"), recommending that this Court dismiss Hill's case for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). Dkt. 43. The Clerk's Office mailed a copy of the R&R to Hill at his address of record, but that mail was returned as undeliverable. Dkt. 44.

Neither party objected to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

Though not required to do so here, this Court nevertheless reviewed Judge Schroeder's R&R. Based on that review, and absent any objections, the Court accepts and adopts the R&R.

2

## CONCLUSION

For the reasons stated above and in the R&R, the Court dismisses Hill's case for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

Dated:    March 31, 2025
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE